OPINION
{¶ 1} The plaintiffs-appellants, Jeremy Horstman ("Jeremy") and Loni Horstman ("Loni"), appeal the judgment of the Putnam County Common Pleas Court dismissing their cause of action and the counterclaim filed by Defendant-Appellee, Gerald Horstman ("Gerald").
 {¶ 2} Jeremy and Gerald own neighboring tracts of land and share a common driveway. Gerald is Jeremy's father. Prior to Jeremy's marriage to Loni,[1] Jeremy and Gerald apparently entered into various contracts concerning ownership of their properties and the farming rights thereto. Some of the agreements were reduced to writing, while others apparently were not. One agreement included a lifetime lease of a pasture to Gerald and his "business partner/fiancé Judith Schram" ("Judy").[2]
After disputes arose between Gerald and Loni and between Judy and Jeremy, Jeremy and Loni filed a complaint to terminate Gerald's interest in the land. Jeremy and Loni eventually amended their complaint to add Judy as a defendant. We are aware of at least one companion case, which is not before us on appeal.
 {¶ 3} In October 2004, the parties agreed to dismiss Judy without prejudice; however, at that time, no judgment entry was filed. Jeremy, Loni, and Gerald participated in mediation on January 17, 2005. The parties and counsel signed a mediation settlement agreement, setting forth the terms of their agreement. However, the trial court did not enter judgment. On April 1, 2005, Jeremy and Loni filed a motion to enforce the mediation agreement, claiming that they had attempted to perform in good faith, but Gerald had refused to perform. On April 7, 2005, Gerald filed a response to the motion, arguing that he could not perform in good faith because the mediation agreement "materially affects [Judy's] rights as under the lease agreement entered into between the parties and [Judy's] legal rights to litigate against Plaintiffs or Defendant for damages." On May 12, 2005, the trial court held a hearing on the motion and filed a judgment entry dismissing Judy without prejudice. Jeremy and Loni contend that at the hearing "the Court ordered the enforcement of the Mediation Settlement Agreement and ordered the Appellee to abide thereby." Gerald contends, "the trial court found that the mediation agreement, as against Gerald only, was fully enforceable but did not adopt the Mediation Agreement as the Order of the court." The trial court did not file a judgment entry after the May 12, 2005 hearing.
 {¶ 4} On November 15, 2005, the trial court filed a judgment entry notifying the parties that the case "has been pending since November 6, 2003 without prosecution" and it would dismiss the case unless plaintiff's counsel "shows cause within fifteen (15) days from the date of this Notice why the Court should not do so."[3] On November 30, 2005, Jeremy and Loni notified the court, via facsimile, that they would submit a proposed judgment entry that day, which they apparently did. On December 8, 2005, Jeremy and Loni filed a motion to submit judgment entry and the proposed judgment entry. On December 12, 2005, the trial court ordered Gerald to respond to Jeremy and Loni's motion by December 22, 2005. Gerald filed a response to the motion on December 21, 2005 and submitted a proposed judgment entry to dismiss the case. On December 22, 2005, the trial court filed the following judgment entry:[4]
 On this ____ day of _____, 2005, this matter cameto be heard upon the oral motion of the parties.
 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that thePlaintiff's Complaint and Defendant Gerald E. Horstman'sCounterclaim are hereby dismissed.
Jeremy and Loni appeal the trial court's judgment dismissing their case and assert the following assignment of error:
The trial court erred in entering a [j]udgment of dismissal inthis case and said [e]ntry did not reflect the findings of the[c]ourt and did not comport to the agreement of the parties.
 {¶ 5} Although the trial court provided notice to the parties pursuant to Civ.R. 41(B)(1), the judgment entry of dismissal is apparently not a sanction. Jeremy and Loni submitted their proposed entry by the November 30, 2005 deadline. After receiving Jeremy and Loni's motion to submit judgment entry on December 8, 2005, the trial court ordered Gerald to respond by December 22, 2005. Therefore, we do not believe the trial court dismissed the case as a sanction under Civ.R. 41(B)(1). However, our review of the pleadings and the judgment entry indicate that the trial court may have entered judgment based on factual misrepresentations made on behalf of Gerald. In his response to Jeremy and Loni's motion, Gerald indicated, "this Court found that the matter had been settled by mediation and subsequently dismissed the case."[5] The transcript of the May 12, 2005 hearing reflects no such statement by the court. At hearing, the trial court stated:
[a]t this time, I'm granting plaintiff's motion to enforce theagreement and ordering that the agreement as previously executedby the parties through the mediator on the 17th of January shallbe the agreement of the parties in this case * * * Court findingthat there was a voluntary and understanding acknowledgment ofthe agreement executed by the parties in this case. Hearing Tr., Mar. 2, 2006, 38:8-15.
 {¶ 6} The judgment entry indicates the dismissal was granted pursuant to "the oral motion of the parties". The record reflects no such motion. The only motion before the court was Jeremy and Loni's motion to submit judgment entry, which did not specifically request dismissal of the case, but sought enforcement of the mediation agreement. As part of the mediation agreement, the parties agreed to dismiss this cause of action with prejudice. See Mot. to Enforce Agreement, Apr. 1, 2005, at Ex. A ¶ 6. On appeal, Jeremy and Loni requested that we remand this matter with directions for the trial court to dismiss the case with prejudice. Furthermore, at oral argument, counsel for both parties stated that the mediation agreement had been fully performed. Civ.R. 41(B)(3) provides that "any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." The dismissal in this case does not fall within any applicable section of Civ.R. 41. Therefore, Civ.R. 41(B)(3) applies, the dismissal is with prejudice since the trial court did not specify otherwise, and any error in the judgment entry is harmless. See Civ.R. 61.
 {¶ 7} The judgment of the Putnam County Court of Common Pleas is affirmed.
Judgment Affirmed.
 Rogers, J., concurs in Judgment Only.
 Cupp, J., concurs.
[1] The parties do not provide any dates.
[2] Judy and Gerald were not married and are no longer engaged.
[3] Our review of the record indicates the last filing on May 12, 2005. The trial court was apparently mistaken as to the appropriate date on which the case became inactive. However, pursuant to Sup.R. 40(A), a trial court shall dismiss any case that has been inactive for six months for failure to prosecute. Six months had elapsed between the last filing and the trial court's judgment entry of November 15, 2005. See also Civ.R. 41(B)(1).
[4] The judgment entry is the same entry Gerald submitted to the court.
[5] This statement references the trial court's orders at the May 12, 2005 hearing.